**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CARLOS LARSON,

    Plaintiff,

vs.                                                             CASE NO. 3:06-cv-408-J-25TEM

SHANDS HOSPITAL JACKSONVILLE
and FIRST COAST HEALTH REHAB,

    Defendants.
_____

## **REPORT AND RECOMMENDATION[1]**

This case is before the Court on Plaintiff's Complaint (Doc. #1) and Affidavit of Indigency (Doc. #2), which the Court construes as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Upon initial review of these documents, the Court noted deficiencies in the complaint, which it then afforded Plaintiff an opportunity to correct by the close of business on June 30, 2006. *See* Doc. #5, Court Order. Plaintiff has not yet amended his complaint. Accordingly, the matter is now ripe for the Court's review.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v.*

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

*Williams*, 490 U.S. 319, 324 (1989).  Thus, the Court is empowered with the discretion to dismiss the action, sua sponte, if it is frivolous or malicious.  *See id.*

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The Eleventh Circuit has found that courts should permit a *pro se* litigant who is seeking *in forma pauperis* status the opportunity to amend a deficient complaint before dismissing pursuant to § 1915 for failure to state a claim.  *Troville v. Venz*, 303 F.3d 1256, 1260, n. 5 (11th Cir. 2002).

While the Affidavit reveals Plaintiff has insufficient resources to commence and conduct the litigation, a review of the complaint shows Plaintiff has failed to state a valid claim upon which relief might be granted.  In this case, Plaintiff alleges a violation of civil rights protected under the United States Constitution.  Doc. #1.  Factually, however, Plaintiff alleges that both defendants filed a frivolous and malicious report with the Department of Children and Families "claiming Plaintiff was exploiting [his] very sick wife." *Id.*  Plaintiff further alleges Defendants have attempted to steal Plaintiff's wife's widow's pension check and are now, presumably improperly, in possession of that check.  *Id.*  No other facts are provided that would aid the Court.

Because the courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), the Court afforded Plaintiff an opportunity to amend his complaint by the close of business on June 30, 2006 (Doc. #5).  *See also*, *Haines v. Kerner*, 404 U.S. 519 (1972) (finding a *pro se* prisoner litigant is entitled to offer proof to support an "inartfully pleaded" complaint, before a court dismisses the complaint); *Miller v. King*, 449 F.3d 1149 (11th Cir. 2006) (finding a

*pro se* prisoner litigant should be allowed to amend an unclear complaint prior to grant of summary judgment, where allegations of constitutional and ADA violations are presented). The Court provided Plaintiff with specific directions concerning a properly amended complaint. Plaintiff has failed to file an amended complaint.

Federal courts are courts of limited jurisdiction. Plaintiff checked the box for federal question jurisdiction on the Civil Cover Sheet JS-44 Form. However, Title 28, U.S.C. § 1331 merely provides for subject matter jurisdiction over rights and remedies otherwise provided by federal law, it is not a separate basis for jurisdiction over common law tort claims. *Knight v. United States*, 596 F.Supp. 543, 545 (M.D. Ga. 1984), *aff'd* 762 F.2d 1022 (11th Cir. 1985). To determine whether a claim is within § 1331, the Court must determine whether "a federal cause of action would appear on the face of a well-pleaded complaint." *Gillett Communications v. Becker*, 807 F.Supp. 757, 760 (N.D. Ga. 1992), *appeal dismissed,* 5 F.3d 1500 (11th Cir. 1993).

The Complaint does not cite to a constitutional provision that has been violated. The allegation that Plaintiff's rights have been violated might arguably implicate constitutional provisions, however, Plaintiff alleges no facts that would support subject matter jurisdiction based on an alleged constitutional violation. It does not appear Plaintiff can maintain this suit in federal court based on a constitutional civil rights violation because it does appear that the named defendants are private actors, rather than state actors. Title 42, United States Code, Section 1983, is generally the vehicle a party uses to seek redress in federal court for a constitutional violation. However, the statute requires the defendant act under the color of law, or in other words, defendant must be a state actor. *See Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Furthermore, it is questionable whether

Plaintiff may file an action alleging a theft of a spouse's federal benefits check. Based on the facts alleged in the Complaint, Plaintiff cannot maintain a federal action. Further, no other federal law is identified as a basis for the suit.

In reviewing the complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action. *See GJR Investments, Inc. v. County of Escambia Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998). The Court finds Plaintiff's original complaint fails to state a claim upon which relief can be granted.

The undersigned therefore **recommends *in forma pauperis* status be DENIED without prejudice and this action be DISMISSED without prejudice** to Plaintiff refiling a properly amended complaint.

**ENTERED** at Jacksonville, Florida this  10th  day of July, 2006.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
*Pro Se* Plaintiff
Counsel of Record, if any